UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRACY JEANETTE COZATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-01809-JPH-MPB |
| | ) |
| JOHN A. KASSIS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Tracy Cozatt filed a *pro se* complaint against John Kassis, asserting that her constitutional rights were violated in a divorce and custody dispute. Dkt. 1. Ms. Cozatt has also filed a motion to proceed *in forma pauperis*, dkt. [2], which is **granted**. However, Ms. Cozatt's complaint fails to state a claim upon which relief may be granted and must be **dismissed**. *See* dkt. 1.

**I.
Filing Fee**

Ms. Cozatt's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [2]. *See* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Ms. Cozatt to proceed without prepaying the filing fee, she remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

1

## II.
## Screening

### A. Screening standard

The Court has the inherent authority to screen Ms. Cozatt's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The complaint

Ms. Cozatt brings this claim under 42 U.S.C. § 1983, alleging that Mr. Kassis violated the Eighth and Fourteenth Amendments of the U.S. Constitution. Dkt. 1 at 2. She also appears to allege state-law malpractice and defamation claims. *Id.* Ms. Cozatt states that Mr. Kassis, her spouse's divorce

lawyer, led vexatious litigation, caused a false arrest, and failed to adequately protect her child. *Id.* Mr. Kassis allegedly colluded with Ms. Cozatt's attorney, leading to her loss of custody of her son. *Id.* at 5. For these claims, Ms. Cozatt seeks $80,000 in damages, a published retraction of defamation, and the return of her son. *Id.* at 3–4.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, "a private attorney, while participating in the trial of private state court action, is not acting under color of state law." *Hansen v. Ahlgrimm*, 520 F.2d 768, 770 (7th Cir. 1975) (holding that a private divorce attorney was not acting under color of state law). The only exception is if a private attorney was "engaged in a conspiracy with state officials to deprive another of federal rights." *Campos v. Cook Cnty.*, 932 F.3d 972, 978 (7th Cir. 2019) (quoting *Tower v. Glover*, 467 U.S. 914, 920 (1984)).

Here, Ms. Cozatt brings a claim under § 1983 against a private attorney, but does not allege that he was acting under color of state law, *see Hansen*, 520 F.2d at 770, or that he was "engaged in a conspiracy with state officials" to deprive her of federal rights, *see Campos*, 932 F.2d at 978. Therefore, the

complaint fails to state a claim for relief, and this action against Mr. Kassis must be **dismissed**.[1]

### III.
### Conclusion

For the reasons stated above, Ms. Cozatt's request to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. However, after screening the complaint, the Court determines that it must **DISMISS** the complaint for failure to state a claim. Ms. Cozatt has **until October 17, 2022, to show cause** why judgment consistent with this order should not issue.

**SO ORDERED.**

Date: 9/16/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TRACY JEANETTE COZATT
6770 E. Pleasant Run Pkwy N. Dr.
Indianapolis, IN 46219

---

[1] Since Ms. Cozatt's § 1983 claim is being dismissed, her state-law claims of malpractice and defamation must be dismissed as well. *See* 28 U.S.C. § 1367(a) (only providing supplemental jurisdiction when courts have original jurisdiction over the action). Those state-law claims will be **dismissed without prejudice**, so they may be raised in state court.